UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: | : | |
| RUSTY HAYNES, | : | S.D.N.Y. Bankr. No. 11-23212 (RDD) |
| Debtor. | : | |
| | : | |
| RUSTY HAYNES, | : | S.D.N.Y. Bankr. Adv. Pro. No. 13-08370 (RDD) |
| Debtor and Plaintiff on behalf of himself and all others similarly situated, | : | S.D.N.Y. No. _____ |
| v. | : | |
| CHASE BANK USA, N.A., | : | |
| Defendant. | : | |

**JOINT MOTION TO WITHDRAW THE REFERENCE**
**PURSUANT TO 28 U.S.C. § 157(d)**

Plaintiff Rusty Haynes ("Haynes") and Defendant Chase Bank USA, N.A. ("CBUSA") (collectively, the "Parties") respectfully move the United States District Court for the Southern District of New York for an order, pursuant to 28 U.S.C. § 157(d), Rule 5011 of the Federal Rules of Bankruptcy Procedure, and Rule 5011-1 of the Local Rules of the Bankruptcy Court, withdrawing the reference of the above-captioned adversary proceeding to the Bankruptcy Court. In support of this Joint Motion, the Parties state as follows.

**Factual and Procedural Background**

1. On June 20, 2011, Plaintiff Rusty Haynes filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Southern District of New York. *In re Rusty Haynes*, No.

1

11-23212 (RDD) (S.D.N.Y. Bankr.). The Bankruptcy Court entered a discharge order on September 26, 2011. On or about September 13, 2013, Haynes moved to reopen his bankruptcy, and the Bankruptcy Court granted his motion on December 10, 2013.

2.  On December 31, 2013, Haynes filed a Class Action Adversary Complaint in the Bankruptcy Court, captioned *Haynes v. Chase Bank USA, N.A.*, Adv. Pro. No. 13-08370 (RDD) (S.D.N.Y. Bankr.) (the "Action") against CBUSA.

3.  On January 27, 2014, Haynes filed his Amended Class Action Adversary Complaint, which continues to be the operative pleading in the Action. Haynes alleges that CBUSA's failure to update its credit furnishing to reflect Chapter 7 bankruptcy discharges will pressure consumers to repay discharged debt in order to have the negative information removed from their credit report. Plaintiff alleges that CBUSA's systematic refusal to update its credit furnishing violates the discharge injunction set forth in Section 524 of the Bankruptcy Code.

4.  On February 24, 2014, CBUSA moved to dismiss the Amended Complaint. By opinion dated July 22, 2014, the Bankruptcy Court denied the motion. *Haynes*, Adv. Pro. No. 13-08370, Dkt. No. 63.

5.  On February 28, 2014, CBUSA filed a motion in this Court to withdraw the reference of the Action to the Bankruptcy Court. By decision dated March 2, 2015, this Court denied that motion. *See In re Rusty Haynes*, No. 7:14-cv-1474-VB, Dkt. No. 16 (S.D.N.Y.) ("March 2, 2015 Order"). The Court found that resolution of the claims alleged did not require "substantial and material consideration" of the Fair Credit Reporting Act such that the standard for mandatory withdrawal would be met. *See id.* at 4-8. The Court further declined permissive withdrawal on the ground that judicial efficiency would be better served if the Bankruptcy Court continued to preside over the Action. *See id.* at 8-9.

6.      On February 21, 2018, the Parties reached a proposed nationwide class settlement in the Action ("Class Action Settlement"). In connection with that settlement, the Parties agreed to move this Court to withdraw its reference of the Action to the Bankruptcy Court.

7.      On March 1, 2018, Haynes filed a Motion for Preliminary Approval of the Class Action Settlement in the Bankruptcy Court. *Haynes*, Adv. Pro. No. 13-08370, Dkt. No. 122.

8.      Following an April 2, 2018 hearing, on April 4, 2018, the Bankruptcy Court entered an Order granting the Motion for Preliminary Approval of the Settlement. *Haynes*, Adv. Pro. No. 13-08370, Dkt. No. 125 ("Preliminary Approval Order").

9.      The Settlement Agreement and the Preliminary Approval Order provide that the Parties shall, within seven (7) days of its entry, file a motion with this Court to withdraw the reference and obtain a date from this Court for a hearing on Final Approval of the Class Action Settlement. Preliminary Approval Order ¶ 7. The Preliminary Approval Order further provides that the District Court shall determine whether final approval of the Class Action Settlement is warranted. *Id*.

10.     In the related case captioned *Echevarria, et al. v. Bank of America Corporation, et al.*, after the Bankruptcy Court preliminarily approved the parties' classwide settlement on October 11, 2017, this Court granted the parties' motion to withdraw the reference on October 26, 2017. *See* No. 7:17-cv-8026-VB, Dkt. No. 4 (S.D.N.Y.) ("*Echevarria* Order").

**Legal Standard for Withdrawal**

11.     The Parties bring this motion pursuant to 28 U.S.C. § 157(d), which provides that "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d).

3

12. Section 157(d) thus authorizes withdrawal of bankruptcy court references on permissive grounds. Courts in the Second Circuit follow a two-step inquiry to determine if permissive withdrawal is appropriate.

13. First, the court evaluates whether the bankruptcy proceeding is core or non-core, *Murphy v. County of Chemung (In re Murphy)*, 482 F. App'x 624, 628 (2d Cir. 2012), and "whether the bankruptcy court has the authority to finally adjudicate the matter," *In re Coudert Bros. LLP*, 462 B.R. 457, 467 (S.D.N.Y. 2011).

14. Second, the court considers whether several additional factors necessitate withdrawal of the reference, including (i) the most efficient use of judicial resources, (ii) potential delay and its costs to the parties, (iii) uniformity of bankruptcy administration, and (iv) prevention of forum shopping. *Coudert Bros. LLP*, 462 B.R. at 462. Because the court must consider these factors, whether the proceeding is core or non-core is not dispositive. A district court may withdraw the reference over even a core proceeding if it finds that "the withdrawal of reference is essential to preserve a higher interest." *In re Parmalat Finanziaria S.p.A.*, 320 B.R. 46, 50 (S.D.N.Y. 2005).

### This Court Should Exercise Its Discretion to Withdraw the Reference

15. Although the Court previously declined to exercise its discretion to withdraw the reference, finding that allowing the Action to proceed in Bankruptcy Court would serve "judicial efficiency," March 2, 2015 Order at 8, the Parties' entry into the Settlement Agreement means that the interest in promoting judicial economy no longer requires that the Action remain before Judge Drain. This Court should withdraw the reference as it did in *Echevarria* so that it can consider and rule upon the proposed settlement. *See Echevarria* Order.

16. As in *Echevarria*, Judge Drain has already preliminarily approved the Parties' proposed settlement. Any settlement based on the certification of a nationwide class, if approved

solely by the Bankruptcy Court, may be subject to collateral attack based on the contention that the Bankruptcy Court lacks jurisdiction over absent class members residing outside the Southern District of New York.  *See, e.g.*, *Barrett v. Avco Fin. Servs. Mgmt. Co.*, 292 B.R. 1, 8 (D. Mass. 2003) (finding bankruptcy court lacked nationwide jurisdiction over claim involving violation of discharge order); *Singleton v. Wells Fargo Bank, N.A. (In re Singleton)*, 284 B.R. 322, 325 (D.R.I. 2002) (same); *Montano v. First Light Fed. Credit Union (In re Montano)*, Nos. 7-04-17866 SL, 7-1026 S, 2007 WL 2688606, at *2 (Bankr. D.N.M. Sept. 10, 2007) (same).

17. CBUSA moved to dismiss the Action and to strike the class allegations based on the argument that the Bankruptcy Court lacks jurisdiction over the claims of debtors outside of the Southern District of New York.  *See Haynes*, Adv. Pro. No. 13-08370, Dkt. No. 11.  While the Bankruptcy Court denied the motion, finding it had jurisdiction over a nationwide class, the Bankruptcy Court also recognized that "the majority of courts" confronted with the same issue "have either held that they lack the power to determine such class actions or … can do so only with respect to debtors who have been discharged in cases in their district."  *Haynes*, Adv. Pro. No. 13-08370, Dkt. No. 63 at 18.  Thus, although the Bankruptcy Court disagreed with CBUSA that it lacked jurisdiction over a nationwide class, the Bankruptcy Court acknowledged the split in authority on this issue.[1]  *See id.*

18. Consequently, irrespective of whether a collateral attack on the Bankruptcy Court's jurisdiction over a nationwide class has merit, the Parties desire entry of a final order from this Court on all class claims to protect the settlement from such attack.

19. Taking steps at this stage of the litigation to prevent collateral attack is consistent with the efficient use of judicial resources.  *See, e.g.*, *In re Appleseed's Intermediate Holdings,*

---

[1] This Court did not rule on this issue in its prior ruling denying withdrawal of the reference.  *See generally* March 2, 2015 Order.

*LLC*, No. 11-cv-807, 2011 WL 6293251, at *3 (D. Del. Dec. 15, 2011) (withdrawing reference to "avoid confusion and future collateral attacks" on judgment); *In re U.S. Mortg. Corp.*, No. 2:11-cv-7222, 2012 WL 1372284, at *3 (D.N.J. Apr. 19, 2012) (same); *see also In re Parmalat*, 320 B.R. at 50 (withdrawing reference to serve judicial efficiency).

20. This Court employed a similar procedure in the related *Echevarria* case. After the Bankruptcy Court preliminarily approved the parties' classwide settlement in *Echevarria*, this Court granted the parties' motion to withdraw the reference and ultimately finally approved the settlement. *See* No. 7:17-cv-8026-VB, Dkt. Nos. 4, 23 (S.D.N.Y.). The Court should do the same here.

WHEREFORE, Plaintiff Rusty Haynes and Defendant Chase Bank USA, N.A. respectfully request that the Court enter an Order withdrawing the reference of this Action to the Bankruptcy Court pursuant to 28 U.S.C. § 157(d) and granting such other and further relief as the Court deems just and proper.

The parties further request that, should the Court enter an Order withdrawing the reference of this Action to the Bankruptcy Court, the Court set the following dates in connection with final approval of the proposed settlement:

| Event | Date |
| --- | --- |
| Deadline to file Motion for Final Approval | August 3, 2018 |
| Deadline to file any response to Motion for Final Approval | August 10, 2018 |
| Final Approval Hearing | August 17, 2018 |

If the proposed date for the final approval hearing is not convenient for the Court, the parties request a final approval hearing date as soon thereafter as is convenient, and request that the Motion for Final Approval be due fourteen days before the hearing and that the any response be due seven days before the hearing.

                                            Respectfully submitted,

Dated: New York, New York
        April 11, 2018

                                        WILMER CUTLER PICKERING HALE AND DORR LLP

                                        By: */s/ Noah A. Levine*
                                            Noah A. Levine, Esq.
                                            Alan E. Schoenfeld, Esq.
                                            7 World Trade Center
                                            250 Greenwich Street
                                            New York, NY 10007
                                            Telephone: (212) 230-8875
                                            Facsimile: (212) 230-8888
                                            noah.levine@wilmerhale.com
                                            alan.schoenfeld@wilmerhale.com

                                            *Attorneys for Defendant Chase Bank USA, N.A.*

Dated: Albany, New York
        April 11, 2018

                                        BOIES, SCHILLER & FLEXNER LLP

                                        By: */s/ Adam R. Shaw*
                                            George C. Carpinello, Esq.
                                            Adam R. Shaw, Esq.
                                            30 South Pearl Street, 11th Floor
                                            Albany, NY 12207
                                            Telephone: (518) 434-0600
                                            Facsimile: (518) 434-0665
                                            gcarpinello@bsfllp.com
                                            ashaw@bsfllp.com

                                            CHARLES JUNTIKKA & ASSOCIATES LLP
                                            Charles Juntikka
                                            1250 Broadway, 24th Floor
                                            New York, NY 10001
                                            Telephone: (212) 315-3755

                                            *Attorneys for the Plaintiff Rusty Haynes*

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2018, I caused the foregoing document to be filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

>*/s/ Noah A. Levine*
>Noah A. Levine