**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Rusty Haynes,<br><br>          Debtor. | |
| Rusty Haynes, Individually and On Behalf<br>Of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>     -against-<br><br>Chase Bank USA, N.A.,<br><br>          Defendant. | Index No.: 18-cv-03307-NSR |

**DECLARATION OF ADAM R. SHAW IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARD**
**PAYMENTS**

I, Adam R. Shaw, declare as follows:

      1.      I am a partner in the law firm Boies Schiller Flexner LLP, counsel for Plaintiff

Rusty Haynes in the above-captioned matter.  I submit this declaration based on my personal

knowledge and in support of Plaintiff's Motion for Attorneys' Fees, Expenses and Incentive

Award Payments.

      2.      I was one of the principal negotiators of the settlement agreement with Defendant.

Both Plaintiff and Defendant Chase Bank USA, N.A. ("CBUSA") in this action are represented

by informed and experienced counsel and these counsel conducted settlement negotiations at arm's

length.

3.      Class Counsel engaged in the necessary research and discovery prior to reaching a proposed settlement with Defendants, including:

      a.  Conducting a thorough pre-suit investigation, including conducting research and analysis regarding the credit reporting industry, credit reporting practices and CBUSA, as well as the relevant law;

      b.  Researching, compiling evidence for and filing the Complaint and Amended Complaint;

      c.  Successfully defending against CBUSA's motion to dismiss the Amended Complaint, which was premised on numerous legal grounds;

      d.  Serving multiple discovery requests and conducting meet and confers with CBUSA regarding these requests (including document requests, interrogatories, and Fed. R. Civ. P. 30(b)(6) depositions);

      e.  Analyzing just under 300,000 pages of documents produced by CBUSA in response to Plaintiff's document requests;

      f.  Deposing a Rule 30(b)(6) representative of CBUSA as well as three CBUSA employees;

      g.  Issuing third party subpoenas; and

      h.  Consulting with the United States Trustee with respect to the merits of the proceeding.

4.      The terms of the settlement were negotiated over a period of months through extensive in-person meetings, teleconference discussions, and email exchanges.

5.      In 2015 and 2016, the parties conducted mediation sessions before Michael D. Young, Esq. of JAMS, an experienced and highly regarded mediator. Prior to the mediation, the parties submitted detailed mediation statements. Subsequent to mediation, the parties ultimately reached settlement.

6.      I, along with my fellow Class Counsel, believe that the Settlement Agreement with CBUSA is in the best interest of the Class and the Court should grant final approval.

**Attorney Qualifications, Time and Lodestar**

7.      Class Counsel has significant experience in complex litigation and bankruptcy.

8.      Boies Schiller Flexner's experience in handling complex class action litigation is extensive.  Boies Schiller Flexner has been described by the Wall Street Journal as a "litigation powerhouse" and by the National Law Journal as "unafraid to venture into controversial" and "high risk matters."  The firm's work on complex class action litigation has been extensive and historic.  For example, the firm served as co-lead counsel for the direct purchaser class in the matter *In re Municipal Derivatives Antitrust Litigation* in federal court in New York (over $200 million in settlements) and for the direct purchaser class in the matter *In re Polyurethane Foam Antitrust Litigation* in federal court in Ohio (over $440 million in settlements).  The firm also has been appointed to plaintiff leadership positions in the Takata, Volkswagen, and General Motors class actions.  As publicly reported, the firm also won a jury trial in a class action with accusations of monopolization in a significant music market, resulting in a defense verdict. The win ended a decade-long dispute in which the class plaintiffs sought more than $1 billion in trebled damages under the Sherman Act.  In March 2013 in *In re Vitamin C Antitrust Litigation* the firm obtained

3

a verdict of $162 million in damages (in addition to settlements of over $32 million) in the first U.S. antitrust case against Chinese vitamin manufacturers.  Also in March 2013, the firm obtained an $80 million settlement on behalf of investors in the Fairfield Greenwich Group, which was the largest operator of feeder funds that channeled money into Bernard Madoff's Ponzi Scheme.  In a separate class action involving vitamins, the *In re Vitamins Antitrust Litigation*, the firm obtained over $1 billion in settlements described by the courts as "unprecedented" along with a trebled jury verdict of $148.5 million.   In *In re Auction House Antitrust Litigation* 2004 WL 3670993 (S.D.N.Y. Nov. 17, 2004), the firm collected $512 million in damages on behalf of the plaintiff class for Sotheby's and Christie's illegal behavior.  Further background on Boies Schiller Flexner can be found on its website at www.bsfllp.com.

9.      **George F. Carpinello:** Mr. Carpinello has over 30 years of experience litigating and trying complex commercial cases, including in the area of consumer protection. Most recently, he litigated alleged fraud arising from the sale of defective highway guardrails.  He also recently litigated a securities fraud claim that resulted in a $37 million recovery for his client.   Mr. Carpinello was also the lead trial counsel on a nationwide team of lawyers prosecuting product liability claims involving defective table saws.  He has also served as lead counsel on a product liability, mass tort action involving defective washing machine hoses that resulted in millions of dollars in recovery.  He recently obtained over $100 million in settlements for large commercial plaintiffs in securities fraud actions.  He has tried and argued appeals in numerous civil cases in federal and state courts across the country.  Since 1985, he has been the Chair of the New York State Advisory Committee on Civil Practice, which advises the Chief Judge of the State on changes

4

in New York civil procedure rules, and is a former member of the New York State Commission on Public Integrity.  He has been nominated by the New York Judicial Selection Commission for vacancies on the New York Court of Appeals, New York's highest court, four times, twice for Chief Judge.

10.     **Adam R. Shaw:** Adam R. Shaw specializes in complex commercial litigation.  He has tried several cases to verdict in federal courts and had been involved in some of the largest class action cases litigated in recent years, including *In re AIG Securities Litigation* and *In re Qwest Securities Litigation*.  Currently, Mr. Shaw is serving as interim class counsel in a series of actions pending in the U.S. Bankruptcy Court for the Southern District of New York relating to failures to update credit reports, counsel for a class of insured in a nationwide antitrust action against various Blue Cross and Blue Shield companies, and is counsel on a series of nationwide class actions concerning the dischargeability of student loans pending in the U.S. Bankruptcy Court for the Southern District of Texas and the U.S. Bankruptcy Court for the Eastern District of New York, with damages in excess of $500 million.  He served as co-lead counsel in a series of securities fraud actions, obtaining over $100 million in settlements for his clients, and was also part of the team that recovered $37 million for the client in a separate securities fraud action.

11.     **Jeffrey S. Shelly:** Mr. Shelly brings more than 25 years of experience to his work in high-profile litigation. He has successfully litigated RICO, class action, civil rights, and a multitude of other commercial disputes in federal and state courts throughout the United States. Most recently, he litigated alleged fraud arising from the sale of defective highway guardrails.  Mr.

Shelly also was counsel on a nationwide team of lawyers prosecuting product liability claims involving defective table saws.

12.    **Anne M. Nardacci:**   Ms. Nardacci has more than 15 years of experience representing clients in a broad range of complex litigation, including antitrust, securities and bankruptcy actions. Ms. Nardacci has served as counsel for a group of plaintiffs in a complex antitrust action relating to liquid crystal displays used in electronics, and currently represents a group of plaintiffs in a similar action relating to cathode ray tubes used in electronics, with damages in the two actions collectively in excess of $500 million.

13.    **Charles Juntikka:** Mr. Juntikka has over 34 years of experience in bankruptcy law. His firm is the largest personal bankruptcy firm in the New York City area, representing over 20,000 Chapter 7 bankruptcy clients in New York and New Jersey. During the last fourteen years, he has become well known for his consumer activism and has been consulted by and quoted on bankruptcy issues and credit reporting issues by media outlets including the New York Times, Wall Street Journal, Washington Post, CBS, NBC, and CNN, among others.

14.    Class Counsel has collectively expended more than 7,000 hours of professional time in connection with this class action on a fully contingent fee basis; 5,948.90 hours by Boies Schiller Flexner personnel and 1,097.5 hours by Charles Juntikka & Associates personnel, as described in Exhibits A and C hereto.

15.    Class Counsel's total lodestar, derived by multiplying these hours by each firm's current hourly rates for its attorneys and professional staff amounts to $4,174,655; $3,431,185 for Boies Schiller Flexner and $743,470 for Charles Juntikka & Associates, as

described in Exhibits A and C hereto.

16.     Class Counsel's hourly rates range from $350 to $1,050 for attorneys.

17.     Class Counsel has also incurred expenses totaling $103,395.06 during this litigation; $101,965.48 incurred by Boies Schiller Flexner and $1,429.58 incurred by Charles Juntikka & Associates, as described in Exhibits B and C hereto.   These expenses were reasonable and necessary in this litigation, and have been expended for the direct benefit of the Class.

18.     The incentive award request was subject to arm's length negotiations between parties and was adequately disclosed in advance to the Class and has not been objected to. Plaintiff reviewed, and discussed with Class Counsel, various pleadings, discovery responses and memoranda of law and was deposed by CBUSA's counsel.   Plaintiff also conferred with Class Counsel regarding the status of the cases and the settlement negotiations, and represented well the interests of the absent class members.

I declare under penalty of perjury that the foregoing is true and correct.

Date:  August 6, 2018                    By:       /s/  *Adam R. Shaw*
                                                            Adam R. Shaw